# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Ramon RUBIO, Joseph Solice ABBATE, and<br>Honorato Esquivias PADILLA<br><br>_Defendant(s)_ | ) ) ) ) ) ) )  Case No.<br>4-11-70419 |

FILED
APR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 30, 2010__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:

See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

_____
Complainant's signature

Patrick Joseph Ernst
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __4/15/11__

_____
Judge's signature

City and state: __Oakland, California__

Hon. Laurel Beeler
_Printed name and title_

Document No.
18
District Court
Criminal Case Processing

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Joseph Ernst, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

### I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the San Francisco Division and have been so employed since August 15, 2010. As a federal agent, I am authorized to investigate violations of the laws of the United States and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States. My FBI Special Agent training consisted of a twenty-one week new agent training class during which I received instruction on various aspects of federal crime. Prior to becoming an FBI Special Agent, I was a Special Agent for the Internal Revenue Service–Criminal Investigation (IRS–CI) for approximately five years. As a Special Agent for IRS–CI, I trained at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia for twenty-four weeks. Training at FLETC consisted of instruction on legal principles and a variety of federal criminal violations, including money laundering, tax evasion, and other tax-related crimes. I have conducted criminal investigations involving investment fraud, money laundering, tax evasion and other financial crimes, as well as violations of the Bank Secrecy Act. I have also participated in the planning and execution of numerous federal search, seizure, and arrest warrants involving the above violations.

2. During the course of this investigation, I have consulted with Special Agent Gregory M. Eckhart. SA Eckhart has been an FBI Special Agent since August 2003. He is currently assigned to the San Francisco Field Division of the FBI, and investigates cases involving gangs, drug trafficking, and violent fugitives. He has received training at the FBI Academy in Quantico, Virginia, including training on violent street gangs, criminal case management, informant development, Title III investigations and the identification, use, packaging and sales of controlled substances. SA Eckhart also attended numerous training schools and seminars related to gangs, violent crime, and narcotics investigations, including many that provided instruction on drug-trafficking methods, money laundering methods, and

techniques for investigating those crimes. SA Eckhart has participated in the execution of numerous state and federal search warrants and arrests involving alleged narcotics trafficking, and he has participated in numerous investigations of narcotics traffickers and violent street gangs. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews and the service of search and arrest warrants.

3. SA Eckhart has interviewed numerous drug dealers, drug users, and knowledgeable confidential informants about the lifestyles, appearances, and habits of drug dealers and users. He is familiar with the manner in which narcotics traffickers smuggle, package, transport, store and distribute narcotics, as well as how they collect and launder drug proceeds. He has had discussions with other law enforcement personnel about the packaging and preparation of narcotics, the distribution methods of illegal narcotics traffickers, and the security measures that narcotics traffickers often employ. SA Eckhart has also examined documentation of various methods by which methamphetamine, cocaine, marijuana, and other illicit drugs are smuggled, transported and distributed. He has participated in surveillance of narcotics traffickers. During surveillance, SA Eckhart has observed narcotics transactions, counter-surveillance techniques, and the ways in which narcotics traffickers conduct clandestine meetings. He has also participated in investigations that involved the interception of wire communications, and he has been directly involved in the review and deciphering of intercepted coded-conversations between narcotics traffickers that were later corroborated by surveillance or by defendants' statements.

4. SA Eckhart is one of the case agents participating in the investigation of Joseph Solice ABBATE, aka Sherman Joseph Fisher, aka "Butch," aka "Mac Dre," aka "Andre Hicks" (ABBATE); Ramon RUBIO, aka "Primo" (RUBIO); and others, for narcotics trafficking and firearms-related offenses.

II. **PURPOSE OF THIS AFFIDAVIT**

5. This affidavit is being submitted in support of a criminal complaint and arrest warrants charging Ramon RUBIO, Joseph Solice ABBATE, and Honorato Esquivias PADILLA

with possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).

6. Because this affidavit is being submitted for the limited purpose of securing criminal complaints and arrest warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about September 30, 2010, Ramon RUBIO, Joseph Solice ABBATE, and Honorato Esquivias PADILLA knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

7. In this affidavit I describe wire and electronic communications that have been intercepted pursuant to the interception orders in this investigation. In doing so, I have summarized portions of some, but not all, of the intercepted conversations. My summaries of these conversations are based on my personal review of recordings of the intercepted conversations, my training, experience, and knowledge of this investigation, notes of monitoring personnel and/or reviewers which were taken while the recorded conversations were occurring or at the time the conversations were reviewed, and/or other law enforcement personnel as to the meaning of vague or coded language and certain words and phrases. My summaries of the conversations are overviews and are not intended as verbatim transcripts. Even so, I have included in quotation marks my best attempt to provide a draft transcript of some of the speakers' words during the conversations. In some instances, I have only set forth the pertinent parts of sentences and I have used ellipses in some sentences instead of words or phrases that are unnecessary, profane, or repetitive. Subsequent review of the recorded conversations and the preparation of verbatim transcripts may show changes from the summaries provided herein. In addition, I know, based on my training, experience, and knowledge of this investigation (as well as the training, experience, and knowledge of other Agents with whom I have spoken) that criminal street gang members/associates and narcotics traffickers frequently use slang or coded

or intentionally vague language when discussing illegal activity, particularly narcotics trafficking or firearms use and/or possession. When a word or phrase used by a speaker constitutes slang or coded or intentionally vague language (or whose meaning would not be obvious to a layperson) I have provided my interpretation of those words and/or phrases in parentheses. My interpretations are based on my knowledge of and participation in this investigation and my discussions with SA Eckhart and with other experienced law enforcement personnel. My interpretations, however, may change as additional information is learned through the course of the investigation. The actual names of callers have been used where agents believe they have tentatively determined the identities of the callers, or where their voices are recognized by the monitoring personnel or reviewers. Finally, once I have identified the telephone number used by a given person in an intercepted conversation, I will not repeat that telephone number in my descriptions of subsequent intercepted conversations unless that person uses a telephone number different than the number he or she previously used. All times are approximate and all locations are in California unless otherwise noted.

### III. PROBABLE CAUSE

8. The wiretap portion of the investigation into the drug-trafficking activities of Joseph Solice ABBATE and Ramon RUBIO has been ongoing since September 2010. Over the course of the investigation, Agents have identified ABBATE and RUBIO by comparing relevant surveillance observations with their respective DMV photographs. ABBATE and RUBIO were identified as the users of the below telephones through the interception of telephone calls made by each of them, and the surveillance conducted of the activities discussed during the intercepted telephone calls (i.e., ABBATE and/or RUBIO were seen in the locations or participating in the activities referenced in the preceding telephone calls).

9. On September 30, 2010, at 10:40 a.m., a call was intercepted between Ramon RUBIO using (510) 815-5182 and Joseph Solice ABBATE using (510) 253-5135 (Session 2019). RUBIO asked, "are you home?" ABBATE said he was and RUBIO said, "okay, uh, five minutes or less my boy is there." ABBATE later asked, "Hey Primo . . . I forgot, so how much do I have to give you now? Cause I gave him . . . some yesterday for you." RUBIO said, "yeah, ah, from

before that was thirteen ($13,000), remember?" ABBATE said, "yeah, and then I gave him three ($3,000) yesterday, so that brought it down to ten ($10,000) huh? Ten?" RUBIO said, "thirteen two ($13,200)." ABBATE said, "yeah, there you go, thirteen two, and then . . . we brought it down, I gave him three yesterday, yeah?" RUBIO later said, "you brought it to ten two, so I was gonna give you the half (half-pound of methamphetamine), we wanna give it to ten two ($10,200)." ABBATE said, "it's gonna be ten two again, huh?" RUBIO said yes and ABBATE asked, "so are you gonna bring half or one?" RUBIO said, "it's half only." ABBATE expressed disappointment and RUBIO said, "soon as I get more, you the first one get . . . cause nobody got nothing around." RUBIO added, "tonight, I get more and I give you tomorrow morning a whole one." I believe that this intercepted communication evidences ABBATE's purchase of a half-pound of methamphetamine from RUBIO. ABBATE and RUBIO also discussed how much money ABBATE owed RUBIO for previously delivered methamphetamine.

10. At 11:04 a.m., on the same date, Agents observed a Dodge Dakota bearing California License Plate 8Y58179 (registered to Horonato Esquivaspadilla) (the Dakota), travel into Poplar Court; Honorato Esquivias PADILLA was driving. Identification of PADILLA was accomplished through comparison of surveillance observations and/or photographs with PADILLA's DMV photograph. At 11:05 a.m., Agents observed the Dakota parked in front of the 136 Poplar Court, Hercules. At 11:09 a.m., Agents observed the Dakota leaving Poplar Court. I believe that these surveillance observations evidence PADILLA's delivery of the methamphetamine to ABBATE.

11. At 11:49 a.m., on the same date, a call was intercepted between RUBIO and ABBATE (Session 2065). RUBIO said, "you give me seven hundred ($700)?" ABBATE said he did. RUBIO later said, "now, you screwed the numbers where we are right now?" ABBATE said, "uh, yeah, nine, nine-five ($9,500), right?" RUBIO said, "yeah, you got it." ABBATE later said, "I got somebody coming right now to check that one, make sure . . . everything's good too." RUBIO said, "okay, okay, I like that, you do that please." ABBATE said, "yeah, check first before anything." Based upon the knowledge, training, and experience of Agents involved in this investigation, and the specific context of the intercepted communications throughout this

investigation, I believe RUBIO and ABBATE were discussing methamphetamine. Specifically, I believe that this intercepted communication evidences ABBATE's payment to RUBIO for methamphetamine; ABBATE still owed RUBIO $9,500 for previously delivered methamphetamine. ABBATE further stated that he had someone coming to check the methamphetamine that PADILLA had just delivered.

12. Based upon the amount of methamphetamine (a half-pound) ABBATE purchased from RUBIO, I believe that ABBATE intended to resell the methamphetamine to other customers. Based upon my training and experience, and the training and experience of other law enforcement officers working on this investigation, the amount of methamphetamine purchased by ABBATE is far greater than the amount typically possessed by a user of methamphetamine. I have been informed that an individual user of methamphetamine in West Contra Costa County and the surrounding areas typically purchases methamphetamine in increments valued at ten to forty dollars. For ten dollars, a user generally purchases about 0.1 net grams of methamphetamine (also known as a "point"). For twenty dollars, a user generally purchases about 0.2 net grams of methamphetamine (also known as "two points").

## IV. CONCLUSION

13. For the reasons stated above, I believe there is probable cause to believe that, on or about September 30, 2010, Ramon RUBIO, Joseph Solice ABBATE, and Honorato Esquivias PADILLA knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of

////
////
////
////
////
////
////
////

methamphetamine, in violation of 21 U.S.C. § 841(a)(1). I respectfully request that the Court issue the requested criminal complaint and arrest warrants.

_____
Patrick Joseph Ernst
Special Agent, Federal Bureau of Investigation

Sworn to before me this
___ day of April 2011.

_____
HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

SEALED BY ORDER OF THE COURT

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
APR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**

▶ Ramon RUBIO

DISTRICT COURT NUMBER

4-11-70419

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   JAMES C. MANN, AUSA

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

# ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Possible Maximum Life Imprisonment |
| | | Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment |
| (2) | Fine: | Possible Maximum $8,000,000 |
| (3) | Supervised Release: | Possible Maximum Lifetime |
| | | Possible Mandatory Minimum 4, 5, 8, or 10-Years |
| (4) | Special Assessment: | $100.00 |

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF THE COURT**

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
APR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- DEFENDANT - U.S ----

▸ Joseph Solice ABBATE

DISTRICT COURT NUMBER
**4-11-70419**

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    JAMES C. MANN, AUSA

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▸    Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▸    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed:*

(1) Imprisonment: Possible Maximum Life Imprisonment
    Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment
(2) Fine: Possible Maximum $8,000,000
(3) Supervised Release: Possible Maximum Lifetime
    Possible Mandatory Minimum 4, 5, 8, or 10-Years
(4) Special Assessment: $100.00

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF THE COURT**

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED APR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND, CALIFORNIA

─ OFFENSE CHARGED ─

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: See Attachment.

─ DEFENDANT - U.S ─
Honorato Esquivias PADILLA

DISTRICT COURT NUMBER
4-11-70419

─ DEFENDANT ─

**IS NOT IN CUSTODY**
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [X] On this charge
5) [ ] On another conviction } [ ] Federal [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

─ PROCEEDING ─

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE
SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: MELINDA HAAG
[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): JAMES C. MANN, AUSA

[ ] This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
[ ] SUMMONS [ ] NO PROCESS* [X] WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Possible Maximum Life Imprisonment |
| | | Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment |
| (2) | Fine: | Possible Maximum $8,000,000 |
| (3) | Supervised Release: | Possible Maximum Lifetime |
| | | Possible Mandatory Minimum 4, 5, 8, or 10-Years |
| (4) | Special Assessment: | $100.00 |