UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMON RUBIO,<br><br>    Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No: C 12-6483 SBA<br><br>2255 MOT. – See CR 11-291 SBA<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255** |

Petitioner Ramon Rubio ("Rubio") previously pled guilty to and was convicted of Conspiracy To Possess With Intent To Distribute and to Distribute Methamphetamine, in violation of 18 U.S.C. §§ 846 & 841(a)(1),(b)(1)(A)(viii).  This matter is presently before the Court on Rubio's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").  Dkt. 559.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the § 2255 Motion.

I.   **BACKGROUND**

Rubio is an illegal alien with prior state court drug convictions.  On April 28, 2011, Rubio, along with sixteen other defendants, including Joseph Abbate ("Abbate") and Honerato Padilla ("Padilla"), was charged in a multi-count Indictment in connection with operating a large scale methamphetamine trafficking scheme.  During 2010 and 2011,

Rubio regularly ordered between five and fifteen pounds of methamphetamine from different suppliers, sometimes dealing directly with suppliers in Mexico. Dkt. 474 at 3. Intercepted communications established that Rubio conspired with co-defendants Padilla and Abbate, among others, to facilitate the sale of methamphetamine. Id. at 7-8.

On March 22, 2012, Rubio, represented by attorney Arturo Hernandez-Melendez ("Counsel"), pled guilty to Count One of the Indictment charging him with conspiracy to distribute methamphetamine. Rubio entered his plea pursuant to a Plea Agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Dkt. 415.[1] At the change of plea hearing, the Government articulated the elements necessary to sustain a conspiracy conviction and recounted the evidence establishing his guilt. Id. at 30:16-31:1, 33:18-36:9. In addition, the Court engaged Rubio in an extensive colloquy to ensure, among other things, that he had received all of the legal advice he needed or wanted, that he did not dispute the accuracy of the Government's evidence against him, and was, based on the Court's assessment, in fact, guilty of conspiracy. Id. at 31:9-33:3.

On November 30, 2012, the parties appeared for judgment and sentencing. Dkt. 548. The Guideline range was determined to be 262 to 327 months. The Government requested a 262 month sentence; Rubio requested a 121 month sentence; and Probation recommended a 292 month sentence. The Court imposed a 262 month sentence and a 5 year term of supervised release. Id. at 34:10-13. Upon stipulation of the parties, the Court later reduced Rubio's sentence to 210 months, based on 18 U.S.C. § 3582(c)(2).[2]

Through counsel, Rubio now moves the Court to vacate his conviction and sentence on the ground of ineffective assistance of counsel ("IAC"). Dkt. 560. The gist of the motion is that: (1) Counsel erred in advising Rubio to plead guilty to conspiracy because

---

[1] The Plea Agreement contains a waiver of Rubio's right to challenge his conviction and sentence, except to the extent it is premised on a constitutional claim of ineffective assistance of counsel.

[2] Under § 3582(c)(2), the Court may reduce a sentence where "[the] defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

there was insufficient evidence to sustain such a charge; (2) Counsel erroneously told Rubio that he would receive no more than a 10 year sentence; (3) the Plea Agreement is unconscionable because it afforded him no benefit; and (4) the Indictment was susceptible to dismissal.  Petitioner requests an evidentiary hearing.

## II.   LEGAL STANDARD

Title 28, United States Code, section 2255 permits federal prisoners to file motions to set aside or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Hamilton v. United States, 67 F.3d 761, 763 (9th Cir. 1995).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

## III.   DISCUSSION

A claim for IAC is governed by the two-part standard articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Under this clearly established federal law, "a [petitioner] must show both deficient performance and prejudice."  Knowles v. Mirzayance, 556 U.S. 111, 122 (2009).  "[C]ounsel is strongly presumed to have rendered adequate assistance[.]"  Strickland, 466 U.S. at 690.  "Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms."  Hurles v. Ryan, 752 F.3d 768, 778 (9th Cir. 2014).  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  None of Rubio's claims pass muster under Strickland.

First, Rubio contends that Counsel erred in advising him to plead guilty because he was only involved in a "buyer-seller relationship" with others, and as a result, there was

"insufficient evidence to demonstrate that [he] was involved in a conspiracy with other individuals alleged in the Indictment." Dkt. 560 at 5. That argument directly contradicts Rubio's *sworn* representations to the Court. During the change of plea hearing, the Court explained to Rubio that he was charged with conspiracy and asked him to explain "what he had done which leads [him] to conclude that [he] should plead guilty to this crime." Dkt. 538 at 31:9-11, 32:15-17. Rubio responded that he was "distributing drugs" and "joined the guys and distributed drugs." Id. at 31:14-15. The Court clarified with Rubio what he meant by "joined," as set forth in the following exchange:

> **THE COURT**: OKAY. AND WHEN YOU SAY YOU JOINED THE GUYS, WHEN YOU SAY YOU JOINED THEM, WHAT DID YOU MEAN WHEN YOU SAID THAT? WHAT DID YOU DO TO JOIN THEM?
>
> **THE DEFENDANT**: WELL, WITH THE DRUG USERS, IN ORDER TO FIND OUT WHERE I COULD BUY THEM CHEAPER.
>
> **THE COURT**: IN ORDER TO FIND OUT WHERE YOU COULD BUY THEM CHEAPER, YOU DID WHAT?
>
> **THE DEFENDANT**: WELL, I CHECKED AROUND TO SEE WHERE I COULD BUY THEM CHEAPER.
>
> **THE COURT**: OKAY. SO DO YOU UNDERSTAND THAT YOU ARE CHARGED WITH CONSPIRACY, WHICH MEANS AN AGREEMENT WITH SOMEONE OR SOME INDIVIDUALS?
>
> **THE DEFENDANT**: YES.
>
> **THE COURT**: SO, WHO DID YOU HAVE THE AGREEMENT WITH, IF ANYONE?
>
> **THE DEFENDANT**: WITH PADILLA AND ABBATE.
>
> **THE COURT**: AND THE THREE OF YOU AGREED TO DO WHAT?
>
> **THE DEFENDANT**: GET THE DRUGS AT A LOWER PRICE SO WE COULD SELL THEM ELSEWHERE.
>
> **THE COURT**: YOU DID COMMIT THIS CRIME?
>
> **THE DEFENDANT**: YES.

Id. at 32:15-33:1 (emphasis added). Tellingly, Rubio offers no explanation why the Court should credit his newly-alleged claims of innocence over his consistent, prior representations that he engaged in the criminal conduct that forms the basis of his

conviction and sentence. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity.").[3]

Second, Rubio claims that Counsel erroneously told him that he would receive no more than a ten year sentence, and had he known that he was facing a higher sentence due to the quantity of drugs involved, he would not have pled guilty. Dkt. 560 at 5-6. There is no evidence before the Court, such as a sworn statement from Rubio, that his Counsel, in fact, provided such advice. But even if he had provided a sworn statement, Rubio cannot show prejudice. The Plea Agreement, which is signed by Rubio, clearly states that the maximum prison sentence for the charge to which he was pleading guilty is "Life." Dkt. 415 at 2. At the change of plea hearing, the Court explained to Rubio that his sentence would be based upon the Sentencing Guidelines and information provided by the Probation Department. Dkt. 538 at 27:5-27:17. Importantly, the Court ensured that Rubio understood that his actual sentence may vary from what his attorney had advised him:

> **THE COURT**: AND DO YOU UNDERSTAND THAT THE ACTUAL SENTENCE IMPOSED MAY BE DIFFERENT FROM ANY ESTIMATE WHICH YOUR ATTORNEY HAS PROVIDED YOU?
> DO YOU UNDERSTAND THAT?
> **THE DEFENDANT**: YES, I DO.

Dkt. 538:5-9 (emphasis added). In light of those acknowledgements, Rubio is hard-pressed to demonstrate any prejudice resulting from alleged statements by Counsel regarding his sentencing exposure.

Third, Rubio argues he received "absolutely no benefit" under the Plea Agreement, and therefore, Counsel should not have advised him to enter into it. Dkt. 560 at 6. Rubio cites no decisional authority to support this novel argument. That aside, the Court disagrees

---

[3] In any event, under the terms of the Plea Agreement, Rubio waived his right to challenge the factual basis for his guilty plea. Rubio cannot avoid such waiver by attempting to recast his newly-asserted claim of innocence as one for ineffective assistance of counsel. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

with his underlying premise that the Plea Agreement provided "no benefit" to him.  Under the terms of their agreement, the Government agreed to a three level reduction of the offense level calculation for acceptance of responsibility.  Dkt. 415 at 6.  In addition, the Government agreed not to file an Information pursuant to 21 U.S.C. § 851 alleging that Rubio has sustained a prior felony narcotics conviction, and to dismiss Counts Two, Three and Four of the Indictment.  Dkt. 415 at 8; see also Dkt. 548 at 37:21-25 (granting Government's motion to dismiss remaining counts alleged against Rubio).  Accordingly, the Court rejects Rubio's contention that Counsel performed deficiently by recommending a plea that provided him with no benefit.

Finally, Rubio argues that he should not have pled guilty to the Indictment because it was susceptible to dismissal.  More specifically, he claims that the facts of the case showed multiple conspiracies (and not a single conspiracy) that cannot be alleged in a single Indictment.  Dkt. 560 at 8.  This argument is unsupported by any evidence, citations to the record or any meaningful analysis.  That aside, this claim is tantamount to a challenge to the substantive merits of the case, which Rubio waived the right to bring under the terms of his Plea Agreement.  Dkt. 415 ¶¶ 4-5.[4]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Rubio's § 2255 Motion is DENIED.  Rubio's request for an evidentiary hearing is DENIED.  The Court finds that no reasonable jurist would find the denial of said motion debatable or wrong, and therefore, declines to issue a certificate of appealability.  The Clerk shall close the file and terminate any pending matters.

---

[4] Since "the motion and the files and records of the case conclusively show that [Rubio] is entitled to no relief," 28 U.S.C. § 2255(b), the Court resolves the instant motion without an evidentiary hearing, see United States v. Chacon-Palomares, 208 F.3d 1157, 1158-59 (9th Cir. 2000) ("A district court's decision to deny an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion.").

IT IS SO ORDERED.

Dated: 3/25/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge